

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

06 MAY 12 PM 2:03

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL ACTION NO. 3:03CR-93-S

LEONARD KRANE     DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.

- 2 -

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilty from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

- 4 -

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field—one who is called an expert witness—is permitted to state an opinion.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Title 26, United States Code, Section 7206(1) makes it a federal crime for anyone willfully to make a false material statement on an income tax return.

In order to find the defendant, Leonard Krane, guilty of this crime, you must find from the evidence that the United States has proved each of the following facts beyond a reasonable doubt:

First: That Leonard Krane made and signed an income tax return for the year 1998 that was false as to a material matter;

Second: That the return contained a written declaration that it was made under penalty of perjury;

Third: That Leonard Krane did not believe the return to be true and correct as to every material matter in that the return failed to report income he derived from the Military Channel, Inc.; and

Fourth: That in making and signing the return, Leonard Krane acted willfully, that is, with the voluntary intent to violate a known legal duty.

The income tax return in question requires an individual to report, that is to state, his income for the year for which the return is being made. "Income," as that term is used in this instruction, includes money earned or taken from the Military Channel, Inc. However, loans received are not considered to be income which must be reported in an income tax return.

"Making and signing," for purposes of this instruction, means the making of false statements and signing of an income tax return which is filed with the Internal Revenue Service.

For purpose of this instruction, a matter is "material" if it is a matter essential to an accurate computation of taxes.

It is not necessary for the United States to prove the exact amount of unreported income alleged in the indictment. It is also unnecessary for the United States to prove that the government was deprived of any tax by reason of the filing of a false tax return, or that any additional tax is due to the government.

The term "willfully," as used in these instructions, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say with intent either to disobey or to disregard the law.

Therefore, if a defendant has a good faith belief that he was not violating the tax laws, the defendant cannot be found guilty of a tax violation, even if the good faith belief is unreasonable.

Willfulness necessarily depends upon the defendant's state of mind at the time that the acts or omission for which he is charged were committed. This is a question for you as jurors to determine. Now, obviously, it is not possible to look directly into a person's mind to see what went on at a given time in the past. The only way to arrive at the intention of the defendant in this case is for you to take into consideration all of the facts and circumstances as shown by the evidence and determine from such facts and circumstances whether it was the intent of the defendant at the time in question to make and sign a false income tax return.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the United States proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The defendant is on trial only for the specific offense alleged in the indictment. The question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NOV 07 2005

U. S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

SECOND SUPERSEDING INDICTMENT

No:  3:03CR-93-S

26 U.S.C. § 7206(1)

LEONARD KRANE

The Grand Jury charges:

## BACKGROUND

1. In or around 1995, the defendant, **LEONARD KRANE**, became employed by the Military Channel, Inc. The Military Channel, Inc. was a company in the business of developing a cable television channel and related programming, with its principal place of business in Louisville, Kentucky.

2. In or about December 1995, **KRANE** became a member of the Board of Directors of the Military Channel, Inc. In or about January 1998, **KRANE** became Chairman of the Board of the Military Channel, Inc. Krane's primary duties at all times were to raise funds from investors for the company.

## COUNT 3

On or about January 3, 2000, in the Western District of Kentucky, Jefferson County, Kentucky, **LEONARD KRANE**, the defendant herein, who resided at that time in Louisville, Kentucky, did

willfully make and subscribe a Form 1040, U.S. Individual Tax Return for calendar year 1998, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which Form 1040 **LEONARD KRANE** did not believe to be true and correct as to every material matter, in that the said Form 1040 failed to report over $500,000 in income he derived from the Military Channel, Inc. and from investments made in the Military Channel, Inc., whereas **LEONARD KRANE** then and there well knew and believed such income should have properly been included in the Form 1040 for 1998.

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL.

FOREPERSON

DAVID L. HUBER
UNITED STATES ATTORNEY

DLH:JRL:dob:051102

**VERDICT FORM**

| **United States District Court** | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>LEONARD KRANE | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:03CR-930S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Leonard Krane, _____ as to Count 3 of the Second Superseding Indictment.
                                          (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |