UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                     PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:03CR-93-S

LEONARD KRANE                                                                  DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on the defendant's motion for release on bond pending appeal. The United States has responded.

The considerations in this matter are set out in 18 U.S.C. § 3143(b).

The defendant contends, and the United States does not dispute, that Leonard Krane is not likely to flee or pose a danger to the safety of another person or the community if released pending appeal.

The nub of the dispute, therefore, arises under § 3143(b)(1)(B).

The court has reviewed the memoranda, and finds the United States' contention that Krane must demonstrate that he is likely to prevail on appeal to be an incorrect statement of the law. The court is also not obliged to find that it erred.

Where Krane's motion fails to pass muster is on the statutory requirement that the appeal not be for purposes of delay, and that it raises a substantial question.

Upon review of the grounds Krane advocates as his issues on appeal, the court concludes that Krane's appeal is, in fact, nothing more than a delaying tactic. He complains that the court instructed the jury to continue its deliberations on a number of occasions. However, the court in no

- 2 -

way pressured or coerced the jury during its deliberations. In fact, the court did not even give an *Allen* charge.

The other grounds relied upon by Krane are similarly insubstantial.

The court therefore concludes that while Leonard Krane himself poses no risk if granted bond pending appeal, he fails to meet the statutory requirement that his proposed appeal issues raise substantial questions of law or fact. The inescapable conclusion is that the appeal itself is nothing other than for purposes of delay.

Inasmuch as the court is unable to make the findings required by § 3143(b)(1)(B), the court is obliged under the statute to deny release pending appeal.

Leonard Krane shall report to the institution designated by the United States Marshal to begin service of his sentence by no later than 2:00 p.m. on the date indicated, and he will be permitted to remain under the terms and conditions of his present bond pending self-surrender at that place and date.

**IT IS SO ORDERED** this

cc:   Counsel of Record
      U.S. Marshal
      U.S. Probation